UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-v-

ANDERSON ZAMBRANO-PACHECO, REINALDO
RAFAEL GONZALES-VALDEZ, JOSE MANUEL
GUERRERO-ZARATE, JOSE DAVID VALENCIA-DE
LA ROSA, JOHAN CARLOS MUJICA-URPIN, LUIS
JOSE VELASQUEZ-HURTADO, STEFANO PACHON-
ROMERO, GUILLERMO ENRIQUE FREITES-
VELAZQUEZ, JESUS DAVID BARRIOS GARCIA,
GIOVANNY VALENTIN BLANCO LUCIANO,
ANDERSON JESUS DURAN BERROTERAN,
ROIMAN NOE BELLO FERRER, LUIS MIGUEL
RODRIGUEZ-TAPIA, MARIO ANDRES PEREDA,
YEFERSON ALEJANDRO PRIETO GALVIZ,
JHONKENNEDY BRAVO-CASTRO, YENDER
MAYKIER MATA, WILFREDO JOSE AVENDANO
CARRIZALEZ, CARLOS GABRIEL SANTOS
MOGOLLON, KELLEN ALEJANDRO JASPE
BUSTAMANTE, LUIS ANDRES BELLO-CHACON,
ENRIQUE GUSTAVO BOADA YANEZ, JESUS
RUBEN LOPEZ GONZALEZ, DANGER LEONER
SANCHEZ ALFONZO, KEISWUEL ORLANDO
PALACIOS MILANO, ERVIN HERNANDEZ, JOSE
LUIS HERNANDEZ PEREZ, and ANDREINA DEL
CARMEN HERNANDEZ,

                                        Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  4/20/26

25-cr-76 (MKV)

SCHEDULING ORDER

MARY KAY VYSKOCIL, United States District Judge:

On April 17, 2026, the Court convened for a long-scheduled proceeding at which the Court had anticipated arraigning certain defendants on the S4 Superseding Indictment [ECF No. 188] and conducting a status and scheduling conference. Shortly before the proceeding was scheduled to begin, however, the Marshals Service advised the Court that the defendants had become unruly and that the Marshals could not safely produce all twenty-one defendants who were scheduled to appear in the courtroom at the same time and allow those defendants to consult with counsel in the

courtroom.  In consultation with the Marshals, the Court proposed to have only those defendants who needed to be arraigned produced in the courtroom (proceeding in two smaller groups) and to conduct the non-substantive case management conference with defense counsel only present in the courtroom.  *See* Fed. R. Crim. P. 43(b)(3) (providing that a "defendant need not be present" at "a conference"); *United States v. Jones*, 381 F.3d 114, 122 (2d Cir. 2004) (explaining that "there is no constitutional right to be present" unless the defendant's personal presence has a "reasonably substantial" bearing on "the fullness of his opportunity to defend against the charge") (quoting *Snyder v. Massachusetts*, 291 U.S. 97, 105–06 (1934)).  However, defense counsel objected to any conference taking place without the defendants present, even after the Court pointed out that the defendants did not have a right to be present.  As a result, the Court agreed to adjourn the conference portion of the proceeding.

Thereafter, defense counsel represented that they had authority to consent to the exclusion of time under the Speedy Trial Act.  As such, with the consent of all defendants, the Court excluded all time under the Speedy Trial Act for all defendants from April 17, 2026 until June 1, 2026.  As stated on the record on April 17, 2026, the Court finds that such exclusion of time serves the interests of justice and outweighs the interests of the defendants and the public in a speedy trial because the defendants need time to review the recent, voluminous production of discovery materials, consider potential motions, begin preparing for trial, and discuss any potential pretrial dispositions of the charges against them.

The Court thereafter conducted arraignments on the S4 Superseding Indictment as to Defendants Anderson Zambrano-Pacheco, Reinaldo Rafael Gonzales-Valdez, Jose Manuel Guerrero-Zarate, Jose David Valencia-De La Rosa, Johan Carlos Mujica-Urpin, Luis Jose Velasquez-Hurtado, Guillermo Enrique Freites-Velazquez, Jesus David Barrios Garcia, Roiman

Noe Bello Ferrer, Luis Miguel Rodriguez-Tapia, Mario Andres Pereda, Yeferson Alejandro Prieto Galviz, Jhonkennedy Bravo-Castro, Yender Maykier Mata, Kellen Alejandro Jaspe Bustamante, and Luis Andres Bello-Chacon.  Each of the defendants entered a plea of not guilty to each charge against him in the S4 Superseding Indictment.

Prior to the April 17, 2026 proceeding, in an Order dated January 15, 2026, the Court set deadlines for the government to submit proposed trial groups and for all defendants to respond [ECF No. 180].  By letter dated March 13, 2026, the government proposed five trial groups [ECF No. 231].  Fifteen defendants filed responses [ECF Nos. 244, 245, 246, 247, 248, 249, 250, 251, 252, 253, 254, 255, 256, 257, 258].  No defendant objected to his proposed trial group.  Based on its own review, the Court has concluded that the government's proposed trial groups appear to be reasonable in light of the overlap in charges, the potential for overlapping trial evidence, the size of the trial groups, and the need to afford capital-eligible defendants additional time to prepare their defenses, among other considerations.  As such, IT IS HEREBY ORDERED that this case will tried in five groups as follows:

- Trial Group One
    - o  Luis Jose Velasquez-Hurtado
    - o  Jhonkennedy Bravo-Castro
    - o  Guillermo Enrique Freites-Velazquez
    - o  Roiman Bello Ferrer
    - o  Kellen Jaspe Bustamante
- Trial Group Two
    - o  Reinaldo Rafael Gonzales-Valdez
    - o  Jose Manuel Guerrero-Zarate

3

- o   Jose David Valencia-De La Rosa

- o   Johan Carlos Mujica-Urpin

- o   Luis Miguel Rodriguez-Tapia

- o   Luis Andres Bello-Chacon

- Trial Group Three

  - o   Mario Andres Pereda

  - o   Keiswuel Orlando Palacios Milano

  - o   Anderson Zambrano Pacheco

  - o   Yeferson Alejandro Prieto Galviz

- Trial Group Four

  - o   Jesus David Barrios Garcia

  - o   Enrique Gustavo Boada Yanez

  - o   Jesus Ruben Lopez Gonzalez

  - o   Danger Leoner Sanchez Alfonzo

- Trial Group Five

  - o   Yender Maykier Mata

  - o   Ervin Hernandez

  - o   Kerlyn Nataliy Perez-Lopez

IT IS FURTHER ORDERED that by **April 22, 2026**, the government shall file a letter confirming that it has substantially completed the production of discovery and explaining the status of any outstanding discovery. The Discovery Coordinator shall file a status update by **April 24, 2026**. If any defendant wishes to file a letter individually concerning the status of the discovery he must do so by **April 27, 2026**.

4

IT IS FURTHER ORDERED that, at the request of multiple defendants, the April 10, 2026 deadline to advise the Court of any anticipated motion is ADJOURNED *nunc pro tunc*.  For the defendants in Trial Groups One through Four, all motions (other than motions *in limine*) must be filed no later than **July 20, 2026**.

IT IS FURTHER ORDERED that counsel for the defendants in Trial Groups One through Four shall immediately confer with each other and thereafter with the government with respect to scheduling.  By **April 27, 2026**, each Trial Group (excluding Trial Group Five) shall file a joint letter setting forth a proposed schedule going forward, including proposed trial dates and deadlines for the filing of Pretrial Submissions, motions *in limine*, and Exhibits, as well as the production of Section 3500 Material.  The parties should review the Court's Individual Rules of Practice in Criminal Cases before submitting their joint letters.

IT IS FURTHER ORDERED that the Court will hold a conference with the defendants in Trial Group Five on **May 4, 2026** at 11:00 a.m.  In advance of that conference, the defendants in Trial Group Five shall confer among themselves and, thereafter, with the government with respect to scheduling issues.  These parties shall submit a joint status letter on **April 30, 2026**.

The Clerk of Court respectfully is requested to terminate the motions at docket entries 218, 245, 247, 255, 256, and 257.

**SO ORDERED.**

Date:  **April 20, 2026**                **MARY KAY VYSKOCIL**
          **New York, NY**                  **United States District Judge**